UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT JONES, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. ) |
| C&D TECHNOLOGIES, INC., | )     **1:10-cv-0696 WTL-JMS** ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Statement of the Case

1. Plaintiff, Robert Jones ("Jones"), brings this action against Defendant, C&D Technologies, Inc. ("Defendant"), alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.

### II. Parties

2. At all times relevant to this action, Jones resided in the Southern District of Indiana.

3. At all times relevant to this action, Defendant conducted business and maintained offices in the Southern District of Indiana.

### III. Jurisdiction and Venue

4. At all time relevant to this action, Jones was an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 2611(4).

6. Jurisdiction is conferred on this Court by 29 U.S.C. § 2617(a)(2), 28 U.S.C. § 1331,

and 28 U.S.C. § 1343.

7. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV. Factual Allegations

8. Jones was employed by Defendant for approximately ten years.

9. Jones has been experiencing and suffering from back and leg pain for several years.

10. Jones has periodically been treated by health care providers for treatment of the back and leg pain on multiple occasions. Additionally, Jones was prescribed medication for his back and leg pain and Jones took said medication as prescribed.

11. Jones informed Defendant of his medical condition and visits to his health care providers.

12. Jones' medical condition was a "chronic serious health condition" as defined in the FMLA's governing regulations at 29 C.F.R. § 825.115(c).

13. Jones was unable to work on October 1, 2009 because he was receiving treatment for his medical condition from his health care providers.

14. Jones notified Defendant of his inability to work on October 1, 2009, and reasons therefor, via telephone on September 30, 2009 at 5:07 p.m.

15. Defendant provided FMLA certification paperwork to Jones dated September 30, 2009 stating that the completed medical certification paperwork was to be returned to Defendant within fifteen days.

16. Jones' physician returned the FMLA certification paperwork to Defendant on or

about October 2, 2009.

17. Defendant never notified Jones that his FMLA certification paperwork was incomplete or inadequate, nor did Defendant request that Jones provide additional information in support of his request for FMLA leave.

18. When Jones returned to work on October 2, 2009, he was notified by Defendant that his employment was being terminated because he was a "no call, no show" on October 1, 2009.

19. Jones presented Defendant with a cellular telephone record evidencing the fact that he had, in fact, notified Defendant of his inability to work on October 1, 2009 via telephone on September 30, 2009 at 5:07 p.m. Jones also presented Defendant with documentation from his health care providers which demonstrated that Jones had, in fact, been treated for his medical condition twice on October 1, 2009 – the first such treatment commencing at 10:05 a.m. and the second such treatment commencing at 1:00 p.m. with Jones having arrived at 12:32 p.m. Jones was then placed on suspension pending an investigation.

20. Via letter dated October 7, 2009, Defendant notified Jones that it had assessed a half attendance point to Jones for October 1, 2009 because it had decided: "at most, [Jones] only needed a half day off for [his] medical appointment" and "the other half was for personal business." According to the October 7, 2009 letter, the half attendance point for the October 1, 2009 absence resulted in Jones accumulating three points and, as a result, Defendant converted Jones' suspension to a termination. Thus, Jones' October 1, 2009 absence played a role in Defendant's decision to terminate Jones' employment

## V. Cause of Action - Violations of the FMLA

21. Jones hereby incorporates paragraphs one (1) through twenty (20) of his Complaint.

22. Defendant interfered with Jones' attainment of rights in violation of the FMLA.

23. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Jones' rights as protected by the FMLA.

24. Jones has suffered damages as a result of Defendant's unlawful actions.

## VI. Requested Relief

WHEREFORE, Plaintiff, Robert Jones, respectfully requests that this Court enter judgment in his favor and provide him the following relief:

1. Order Defendant to reinstate Jones to the position he held prior to taking FMLA-qualifying leave or to a comparable position with full seniority, benefits, and wages, or pay to Jones front pay in lieu thereof;

2. Order Defendant to pay to Jones all lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

3. Order Defendant to pay to Jones liquidated damages;

4. Order Defendant to pay to Jones all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

5. Order Defendant to pay to Jones pre- and post-judgment interest on all sums recoverable;

6. Enjoin Defendant from future violations of the FMLA; and

7. Order Defendant to provide Jones with all other legal and/or equitable relief to

which he is entitled.

                           Respectfully submitted,

                           _____
                           Andrew G. Jones (#23020-49)

                           _____
                           Philip J. Gibbons, Jr. (#19353-49)

GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:    (317) 616-3337
E-Mail:       ajones@gibbonsjones.com
                pgibbons@gibbonsjones.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Robert Jones, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

Andrew G. Jones (#23020-49)
Philip J. Gibbons, Jr. (#19353-49)
GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone: (317) 706-1100
Facsimile: (317) 616-3337
E-Mail: ajones@gibbonsjones.com
pgibbons@gibbonsjones.com

Attorneys for Plaintiff